Empresas Cablevision v. JP Morgan Chase Bank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE
32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A
PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH
THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A
COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the
Second Circuit, held at the Daniel Patrick Moynihan United States
Courthouse, 500 Pearl Street, in the City of New York, on the
23rd day of June, two thousand ten.

PRESENT:

> WILFRED FEINBERG,
> ROBERT D. SACK,
> PETER W. HALL,
>
> Circuit Judges.

----------------------------------------

EMPRESAS CABLEVISIÓN, S.A.B. de
C.V.,

> Plaintiff-Appellee,

> - v -                                              No. 10-794

JPMORGAN CHASE BANK, N.A. and J.P.
MORGAN SECURITIES, INC.,

> Defendants-Appellants.

----------------------------------------

Appearing for Appellants:        D. SCOTT WISE, Davis Polk &
                                 Wardwell LLP (Amelia T.R. Starr,
                                 Sheldon L. Pollock, of counsel),
                                 New York, NY

Appearing for Appellee:          STEPHEN R. NEUWIRTH, Quinn Emanuel
                                 Urquhart & Sullivan (Daniel P.
                                 Cunningham, Sanford I. Weisburst, &
                                 Judd R. Spray, of counsel), New
                                 York, NY

    Appeal from the United States District Court for the
Southern District of New York (Jed S. Rakoff, Judge).

    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED that the order of the district court imposing a
preliminary injunction be, and it hereby is, AFFIRMED except that
the district court is instructed that upon return of this case to
it, the court shall review and, as necessary, amend the terms of
the preliminary injunction in accordance with this order.

    Defendants JPMorgan Chase Bank, N.A. and J.P. Morgan
Securities, Inc. ("JPMorgan") appeal from an order of the United
States District Court for the Southern District of New York
granting the motion of plaintiff Empresas Cablevisión, S.A.B. de
C.V. ("Cablevisión") for a preliminary injunction.  For
substantially the reasons articulated by the district court, we
find no abuse of discretion in its issuance of a preliminary
injunction in this case.

    Preliminary injunctions are, however, required to be
"narrowly tailored to fit specific legal violations and to avoid
unnecessary burdens on lawful commercial activity." Faiveley
Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 119 (2d Cir.
2009) (internal quotation marks omitted).  We conclude that the
injunction as issued by the district court fails that test
insofar as it impairs the ability of JPMorgan to take actions
apparently unrelated to the potential irreparable injury to
Cablevisión.  It enjoins JPMorgan from "proceeding with the
Participation Agreement." Empresas Cablevisión, S.A.B. de C.V.
v. JPMorgan Chase Bank, N.A., 680 F. Supp. 2d 625, 633 (S.D.N.Y.
2010).  But Inbursa and JPMorgan have already completed a
transfer of a 90 percent interest in the loan to Inbursa for
which payment has been made.  We do not understand how the
injunction intends, under such circumstances, for JPMorgan to
stop "proceeding" with the agreement.  Neither do we see how any
such freeze placed on the purely financial aspects of the
transaction would threaten the interests that Cablevisión asserts
are in danger of being irreparably harmed.

    For the foregoing reasons, the order of the district court
entering a preliminary injunction is hereby AFFIRMED but the
district court is ORDERED to review and modify as necessary the

2

injunction to require JPMorgan to comply with the implied covenant of good faith and fair dealing by prohibiting, pending trial, only the exercise of any right under any provision of the Participation Agreement that might either tend to give Inbursa or its affiliates a competitive advantage over Cablevisión, or to put Cablevisión at a competitive disadvantage vis-á-vis Inbursa or its affiliates, such as, but not limited to, the provisions that provide for access to Cablevisión's confidential information or the provisions that potentially give Inbursa the power to precipitate a default and convert its participation into an assignment.

Any further appeal with respect to the preliminary injunction in this case shall be referred to this panel.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of the Court